**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

STEVEN MILLER JOHNSON

       Plaintiff,

  v.                                                   Case No. 14-C-1080

SHERIFF DAVID CLARKE, et al.

       Defendants.

**ORDER DISMISSING CASE**

The plaintiff, who is incarcerated at the Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff has been assessed and paid an initial partial filing fee of $6.78. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated

as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff alleges that the law library at the county jail is inadequate and that officers failed to promptly or adequately respond to his requests for legal materials. In *Lewis v. Casey,* 518 U.S. 343, 350 (1996), the Supreme Court clarified that there was no general right for inmates to have access to legal assistance or a law library; instead, the law library is tied into the already well-established right for inmates to have access to the courts. As such, in order to establish a violation of the constitutional right of access to the courts, the inmate must establish that he has suffered an actual injury, which the Court defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* Here, Plaintiff is a pretrial detainee, and according to the complaint he had legal counsel assisting in his defense. Generally, this fact alone is enough to preclude a denial of access claim. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) ("Appointed counsel, whether state or court provided, offers a meaningful, and certainly the best, avenue of access to an indigent inmate.").

Even aside from this fact, however, Plaintiff does not assert that he was actually harmed by anything inadequate about the legal materials at the jail. An actual injury could include a plaintiff's

3

inability to file a complaint (in a civil action), or the dismissal of a lawsuit for missing a deadline he could have discovered with access to a reasonable library. *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Tarpley v. Allen Cnty., Ind.*, 312 F.3d 895, 899 (7th Cir. 2002). Here, Plaintiff does not allege anything other than a belief that he would have been able to discover something helpful to his defense. He asks "how can these citizens, who are detained for alleged offenses . . . defend themselves?" (ECF No. at 8.) But that is why inmates are supplied with defense lawyers at public expense. Detainees are not expected to do legal research to assist their lawyers. In short, claims of inadequate law libraries must be accompanied by evidence that the plaintiff was actually harmed in some concrete way, and here there is no such allegation. Accordingly, the complaint will be dismissed for failure to state a claim.[1]

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed **for failure to state a claim** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

---

[1] Plaintiff also briefly asserts an equal protection claim based on the fact that inmates at another county facility allegedly have a better law library. But inmates are not entitled to have the same kinds of equipment, meals, resources, etc., at every state or county facility. Equal protection is only violated if similarly situated individuals receive disparate treatment, and Plaintiff is not similarly situated to inmates at *other* facilities.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $343.22 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the county sheriff where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Green Bay, Wisconsin, this 16th day of October, 2014.

    /s William C. Griesbach
WILLIAM C. GRIESBACH, Chief Judge
United States District Court